McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit. The case comes up upon demurrer to the declaration, which was sustained in the Court below.
The gravamen of the action, as alleged in the declaration, and in argument, is: That the plaintiff was seized, as owner for an unexpired term of years, of a lot of ground in West Nashville, which was taken by the defendant, under the authority of its charter, as part of the road bed; and that the defendant, in the proper *175 construction of the road, and in the exercise proper and rightful power and authority under the charter, pulled down and removed the fences and part of the dwelling-house which had been erected and were standing upon said lot; and likewise used and destroyed the corn, potatoes, &c., growing thereon.
The supposed foundation- of the action is an implied promise on the part of the company to make reasonable compensation to the plaintiff for the injuries sustained by him.
The current of authority - seems to be, that the statutory remedy given to land proprietors, for land taken for the construction of railways, is to be regarded, in general, as exclusive of all other remedies, and not merely cumulative. Redfield on Railways, p. 178.
The remedy prescribed in the particular charter under consideration, embraces not only “-just compensation” for the land taken, but likewise for all such incidental loss or damage as must necessarily or reasonably result from the appropriation of the land and construction of the road in the manner - authorized by the charter. These are all proper elements of the damage to the owner, in taking the land, to be considered of in the assessment of damages; and as to these, in general, the assessment will be conclusive.
This statutory remedy does not, however, contemplate or extend to damage or injuries .to adjoining land, not authorized by the charter, nor to damages resulting from carelessness, negligence, or wilful trespasses in the execution of the work.
The plaintiff’s counsel does not controvert the general principle that the statutory remedy is exclusive. But *176 the argument assumes that this remedy is confined to the owner of the fee; and that, consequently, the owner of a less interest, as a tenant for life or years, is without remedy, unless permitted to resort to a common law action adapted to the nature of the case; and that as the injuries complained of by the plaintiff were occasioned by the defendant, not by any wrongful act, but in the exercise of a lawful right conferred by its charter, the law in such case will imply a promise to compensate the plaintiff.
The fallacy of the argument lies in the assumption that the remedy given by the statute is limited to the absolute owner of the fee. This is not so. The word “ owner,” as used in the charter, is not to be taken in any such restricted sense. The ownership of the estate, so to speak, may be severed. A life interest, or a term of years, may be carved out of the fee. And in such case the tenant for life or lessee, as well as the re-mainderman or lessor, is within the spirit and meaning of the charter; and they are entitled to recover compensation for the damage or injury by them respectively sustained.
It would seem that, in such cases, the persons vested with the several interests which constitute the entire estate, might join in a proceeding under the statute to obtain- -compensation; or, as they have several interests, proceed separately. In either mode of proceeding, however, the compensation for the entire damage must be apportioned according to the injury to their respective interests.
We are of opinion that the demurrer was properly sustained, and the judgment will be affirmed.